UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DELIZIA LIMITED,

        Plaintiff,

-v-                                      No. 09 Civ. 3572 (LTS)(AJP)

THE STATE OF ERITREA,

        Defendant.

-------------------------------------------------------x

## ORDER

Petitioner Delizia Limited seeks attachment of certain property of the State of Eritrea in satisfaction of a default judgment that was entered in the above-captioned action in February of 2010. Specifically, Delizia seeks an order that would, among other things, allow it to attach rental payments owed to Eritrea as the owner of a condominium property in Manhattan. For the following reasons, Delizia's application is denied without prejudice to renewal after Delizia submits further proof of adequate service.

## BACKGROUND

In June of 2003, Delizia entered a contract to sell to the Eritrean Ministry of Defence $12,370,070 worth of defense-related equipment. Eritrea stopped making payments on the contract less than one year later. As required under the contract, Delizia initiated an arbitration under the auspices of the S.C.C. Institute in Sweden but, despite some initial interactions with the Institute, Eritirea did not participate. A final arbitration award was issued in Delizia's favor, and this Court confirmed the arbitration award on February 5, 2010.

Delizia served the default judgment on Eritrea. According to Delizia's

memorandum of law and the declaration of its lawyer, a notice of default and a copy of the Foreign Sovereign Immunities Act ("FSIA") were served with the default judgment. However, the Clerk of the Court's Certificate of Mailing indicates that only the default judgment, the notice of default, and translations in Tigrinya were served, but not a copy of the FSIA.

Delizia now seeks to attach property in satisfaction of its judgment. Eritrea owns a commercial condominium property at 800 Second Avenue, New York, New York, and one of the tenants is the Permanent Mission of the Marshall Islands to the United Nations. It appears that Eritrea's own Permanent Mission is located in the same building. (See www.eritrea-unmission.org, last visited Mar. 1, 2012.) Delizia seeks to attach the rental payments owed to Eritrea by the Permanent Mission of the Marshall Islands. To that end, Delizia seeks an order (1) permitting Delizia to serve an Information Subpoena on the Permanent Mission, together with (i) Questions and Answers to Garnishee and (ii) a Restraining Notice; and (2) holding that any restrained rent payments are subject to execution under 28 U.S.C. § 1610(a) until such time as the judgment against Eritrea is satisfied.

### DISCUSSION

To attach property for the purpose of satisfying a judgment, Delizia must show that Eritrea was adequately informed by means of sufficient service of the default judgment and that attachment is permitted by governing law, including the laws of sovereign immunity.

A copy of any default judgment against a foreign state must be served pursuant to § 1608 of the FSIA. 28 U.S.C. § 1608(e). Section 1608 provides that a foreign state must be served (1) in accordance with any special arrangement for service between the plaintiff and the foreign state; (2) if no special arrangement exists, then in accordance with an applicable international convention on service of judicial documents; (3) if service cannot be made by

methods (1) or (2), then by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned; or (4) if service cannot be made within 30 days under method (3), then by procedures involving the United States Secretary of State. 28 U.S.C. § 1608(a)(1)-(4).

Here, Delizia has served the default judgment pursuant to method (3)—that is, Delizia had the default judgment dispatched by the clerk of the court. However, method (3) is only available when the first two methods are not possible. Therefore, the Court will require a declaration from Delizia's counsel explaining why methods (1) and (2) were not possible methods of service on Eritrea.

Furthermore, the process of serving a notice of suit or notice of default under 28 U.S.C. § 1608(a) is governed § 93.2 of title 22 of the Code of Federal Regulations ("Notice of Suit (or of default judgment)"). Section 93.2(e) provides that, "A party shall attach . . . a copy of the Foreign State [sic] Immunities Act of 1976." Delizia has proffered in its memorandum of law and supporting affidavit that a copy of the FSIA was served with its notice of default. However, the certificate of mailing signed by the clerk of the court indicates only that the "default judgment, notice of default judgment and translations in Tigrinya" were served. (Decl. of Lindsay A. Bush, Ex. B.) Accordingly, Delizia must proffer evidence demonstrating compliance with 22 CFR § 93.2.

Delizia's application for a Restraining Notice and other relief is denied without prejudice to renewal following a demonstration that Eritrea has been properly served. As part of any renewed motion practice, Delizia is advised to consider and address provisions of the FSIA and the Vienna Convention on Diplomatic Relations that, depending on the nature and purpose of the Eritrean accounts to which the Marshall Islands' rent payments are ordinarily directed, may

arguably preclude the Court from authorizing the relief requested. See Avelar v. J. Cotoia Construction, 11 Civ. 2172, 2011 WL 5245206, *4 (E.D.N.Y Nov. 2, 2011) (Pursuant to the Vienna Convention on Diplomatic Relations, "the United States is to 'accord full facilities for the performance of the functions of [a diplomatic] mission,'" which includes immunity from execution for "[b]ank accounts used by the mission for diplomatic purposes."); Sales v. Republic of Uganda, 90 Civ. 3972, 1993 WL 437762, *1 (S.D.N.Y. Oct. 23, 1993) ("[W]ithin the broad context of sovereign immunity as a form of deference to the governmental affairs of a foreign state," an application to restrain rental payments before they are paid into a state's bank account is no different from an application to attach funds held within the state's bank account.); see also Thai Lao Lignite v. Government of the Lao People's Democratic Republic, 10 Civ. 5256, 2011 WL 4111504, *5 (S.D.N.Y. Sept. 13, 2011) (Limited initial discovery to verify whether particular property is immune from broader discovery under the FSIA "should be ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination.").

## CONCLUSION

Delizia's requested relief is denied for the foregoing reasons. Delizia may renew its request after proffering the evidentiary material indicated herein.

SO ORDERED.

Dated: New York, New York
       March 2, 2012

LAURA TAYLOR SWAIN
United States District Judge